950 F.2d 732
 22 U.S.P.Q.2d 1873
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NOBELL, INC., Plaintiff-Appellant,
v.
SHARPER IMAGE CORPORATION, Defendant-Appellee,
Nu Vations, Inc., Defendant.
 No. 91-1148.
 United States Court of Appeals, Federal Circuit.
 Nov. 27, 1991.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 This is an appeal by Nobell, Inc. from the grant by the United States District Court for the Northern District of California of Sharper Image and Nu Vations' (collectively "Sharper Image") motion for summary judgment. That court held that Sharper Image's QUACKY IV FONE device did not infringe U.S. Patent 4,707,855 (the '855 patent). The district court also found that plaintiff failed to raise a genuine issue of material fact going to the allegation of infringement. Nobell, Inc. v. Sharper Image Corp., 16 USPQ2d 1380 (N.D.Cal.1990). We hold that the district court erred, and therefore vacate and remand for further proceedings.
 
 OPINION
 
 2
 Nobell, Inc. is the assignee of the '855 patent, which claims a telephone signalling circuit and a telephone signalling device. The telephone signalling device includes a signalling portion in the shape of an animal or toy with movable and/or sound-producing mechanisms, and an electrical circuit which activates and deactivates the signalling portion in response to signals from a telephone line. The patent includes four independent claims, 1, 4, 12, and 13. Claim 1 is representative of the claims in suit.
 
 
 3
 A telephone signaling circuit for use in a telephone signaling device, comprising:
 
 
 4
 first means for connecting the signaling circuit to a telephone line; and
 
 
 5
 second means electrically connected to said first means for selectively activating and deactivating said telephone signaling device;
 
 
 6
 said telephone signaling device including a toy, animal or human figure with movable and sound-producing features;
 
 
 7
 said telephone signaling device including power supply means;
 
 
 8
 said telephone signaling circuit being extrinsic from its associated telephone.
 
 
 9
 Sharper Image markets the QUACKY IV FONE, a telephone apparatus in the shape of a mallard duck decoy. To signal an incoming call, the QUACKY IV makes a quacking noise and moves its beak. The QUACKY IV has a two-piece, duck-shaped body with a standard telephone mounted in the upper portion of the duck body. Nobell filed suit against Sharper Image, alleging that the beak-moving portion of the QUACKY IV infringes the claims of the '855 patent. Sharper Image filed and Nu Vations[1] joined a motion for summary judgment, alleging that the '855 patent was invalid for obviousness and/or that the QUACKY IV did not infringe because the quacking feature was not extrinsic to its associated telephone.
 
 
 10
 Sharper Image supported its motion with an affidavit of an electronics expert, Professor Spencer. Professor Spencer stated:
 
 
 11
 I further conclude that each of the claims of the '855 patent requires a separate telephone signalling device or circuit which can be electrically and mechanically connected to a telephone, and which has a toy, animal or human figure with movable and sound-producing features "extrinsic" or separate from an associated telephone.... The signaling device in the QUACKY IV FONE is a part of the telephone itself. Therefore, the QUACKY IV FONE falls outside the boundary of each of the claims of the '855 patent and does not infringe the patent.
 
 
 12
 In opposition to the summary judgment motion, Nobell submitted the affidavit of its own expert, Mr. Neil. Mr. Neil stated that he had examined the QUACKY IV FONE and found that it fell within the scope and language of the claims of the '855 affidavit. He recited the elements of representative claims which he stated were included in the QUACKY IV. Additionally, he stated that the signalling device of the QUACKY IV was not part of the telephone itself.
 
 
 13
 The district court held that the conclusion of Nobell's expert was unsupported by specific factual assertions or other evidence. The court determined that Nobell had failed to raise an issue of fact going to the allegation of infringement and granted summary judgment to Sharper Image. This appeal followed.
 
 I. Jurisdiction
 
 14
 Sharper Image argues that this court lacks jurisdiction because Nobell failed to timely file its notice of appeal. We disagree. We previously decided this issue in an order dated February 26, 1991, denying Sharper Image's motion to dismiss. Nobell, Inc. v. Sharper Image Corp., Nos. 91-1106 and 91-1148 (Fed.Cir. Feb. 26, 1991). We see no reason to revisit or change that conclusion. Nobell timely filed its notice of appeal after the August 17, 1990, judgment had been certified and Nobell's Rule 59(e) motion had been decided.
 
 II. Summary Judgment
 
 15
 Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a trial court's grant of summary judgment, an appellate court is not bound by a district court's holding that no material facts are in dispute. Instead, the appellate court must make an independent determination as to whether the standards for summary judgment have been met. C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d 670, 673, 15 USPQ2d 1540, 1542-43 (Fed.Cir.1990). The nonmoving party must present enough evidence "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 16
 Nobell argues that the district court's claim interpretation was flawed. We agree. Claim interpretation, a question of law, involves examination of the claims at issue in light of the specification and prosecution history. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 866-67, 228 USPQ 90, 93 (Fed.Cir.1985). Words are given "their ordinary and accustomed meaning unless it appears that the inventor used them differently." Envirotech Corp. v. Al George, Inc., 730 F.2d 753, 759, 221 USPQ 473, 477 (Fed.Cir.1984) (quoting Universal Oil Prods. Co. v. Globe Oil & Ref. Co., 137 F.2d 3, 6, 58 USPQ 504, 508 (7th Cir.1943), aff'd, 322 U.S. 471, 61 USPQ 382 (1944)).
 
 
 17
 The district court first erred in interpreting the word "extrinsic," which is recited in three of the claims at issue. The court stated that
 
 
 18
 [t]he '855 invention is extrinsic to its telephone and does not affect [the] telephone's integral sounding device. Therefore, a telephone ... which makes a quacking noise instead of a ring ... does not infringe.
 
 
 19
 Nobell, Inc. v. Sharper Image Corp., 16 USPQ2d at 1383 (emphasis added). This interpretation of "extrinsic" suggests that the signalling device or circuit of the claimed invention is separate from the telephone's "integral sounding device." The specification does not indicate that the signalling device or circuit is separate from the telephone's integral sounding device. In fact, the specification states that the integral sounding device may be turned on or off when operating the claimed invention, so that an instrument that makes a quacking noise instead of a ring may well infringe.[2]
 
 
 20
 The '855 patent specification does not explicitly define the word extrinsic nor does the prosecution history. However, the specification does refer to and define the "signalling device" and the "signalling circuit," which are indicated as being extrinsic to an associated telephone. The signalling device is preferably a toy figure, which includes mechanical, electrical, and aesthetic features. The mechanical features include sound-producing mechanisms and the electrical features include a telephone signalling circuit. The signalling device may be manually turned on or off to enable or disable it from the telephone line. The telephone's own integral sounding mechanism may be used in addition to the sounding device or it may be turned off. Thus, an extrinsic telephone signalling device or circuit refers to a device or circuit which is both separate from and in addition to the normal operating components of its associated telephone.
 
 
 21
 The court further erred in its infringement analysis, when it stated:
 
 
 22
 The '855 invention is extrinsic to its telephone ... Therefore, a telephone shaped like a duck which makes a quacking noise instead of a ring through its own internal sounding device does not infringe.
 
 
 23
 Nobell, Inc. v. Sharper Image Corp., 16 USPQ2d at 1383 (emphasis added). Rather than simply referring to the "invention," a proper infringement analysis requires examination as to whether the claims of the '855 patent read on the QUACKY IV. See SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1121, 227 USPQ 577, 586 (Fed.Cir.1985).
 
 
 24
 Additionally, the district court concluded that "the signalling device that moves the 'QUACKY IV FONE' beak is integral to the telephone portion of the device," Nobell, Inc. v. Sharper Image Corp., 16 USPQ2d at 1383, and that "there is no competent evidence of record that the 'QUACKY IV FONE' moves the beak through a different device than that which signalled the ringer sound in the original, concededly non-infringing, 'QUACKY FONE.' " Id. A proper infringement analysis requires comparison of the accused device with the claims of the patent in suit, not with another device. Lund Indus. v. Go Indus., 938 F.2d 1273, 1275, 19 USPQ2d 1383, 1385 (Fed.Cir.1991). Moreover, the court relied on its inspection of the original QUACKY FONE telephone which attorneys for Sharper Image brought to the hearing. An infringement analysis must be made with an accused device, not one not at issue.
 
 
 25
 In comparing the accused device to the claims of the '855 patent which recite an extrinsic telephone signalling circuit or device, the district court should analyze whether the accused device includes a circuit or device which is separate from and in addition to the normal operating components of its associated telephone. This does not mean that the circuit or device must be external to the telephone, but rather that the circuit or device be an extra feature which is not required by the telephone to perform its normal operating functions.
 
 
 26
 Nobell also argues that a genuine issue of material fact exists which precludes the grant of summary judgment. We agree. A genuine issue of material fact exists as to whether the accused device has an extrinsic telephone signalling circuit or device upon which one or more of Claims 1, 4, or 13 can be read. While both Sharper Image and Nobell presented conclusory affidavits of its expert witness, Nobell's affidavit was sufficient to demonstrate the existence of a genuine issue of material fact. It compared every limitation of the claims to the accused device.
 
 
 27
 Finally, a genuine issue of material fact exists as to whether Claim 12, which does not mention an extrinsic circuit or device, is infringed. The court did not treat this issue at all.
 
 
 28
 In summary, the district court erred in granting Sharper Image's motion for summary judgment. Accordingly, the judgment is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 29
 No costs.
 
 
 
 [1]
 Nu Vations markets a similar "Fido Fone" which apparently is still the subject of pending litigation
 
 
 [2]
 The patent specification states that "[t]he integral sounding mechanism may be used in addition to the signaling device 2, or it [sic] desired may be turned off so that only the signaling device 2 is operative."